UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS A. GLOVER,

        Plaintiff,        Case No. 2:11-cv-413

v.        Honorable R. Allan Edgar

K. ESSLIN, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Dennis A. Glover, a state inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Sergeant K. Esslin, Hearing Officer Unknown Theut, Hearing Investigator Kevin Alford, and Assistant Deputy Warden Kathleen Olson. Plaintiff claims that on January 30, 2011, Defendant Esslin reviewed a class II misconduct report with Plaintiff. The report was written by Prison Guard J. Cairns. Defendant Esslin failed to inform Plaintiff that the ticket was being elevated to a class I misconduct at the time of the review. On the morning of January 31, 2011, Plaintiff found a photocopy of the original class II misconduct report sticking in his door jam. When Plaintiff examined the report, he noted that the signature did not belong to him. On February 1, 2011, Defendant Alford asked Plaintiff if he wanted a Hearing Investigator. Plaintiff refused. Defendant Alford then informed Plaintiff that he noticed that the January 30, 2011 misconduct was incomplete, so he had Defendant Esslin re-review it. Plaintiff was sentenced to 30 days detention in solitary confinement. On February 2, 2011, Defendant Theut conducted a hearing on the class II misconduct with Plaintiff, despite the fact that it was a "class I court level." On February 3, 2011, while reviewing an unrelated class II misconduct report, Defendant Esslin failed to give Plaintiff notice of the reviewing officer's signature, notice that Plaintiff received a copy of the misconduct report, or 24 notice of a hearing. Plaintiff seeks damages.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that the misconduct charges were elevated from class II to the more serious class I charges without giving him the proper notice and review. Plaintiff requested a rehearing on this issue, and was granted one on May 20, 2011. (Plaintiff's Exhibit A-1.) Plaintiff received a rehearing before Hearing Officer Maki on June 14, 2011. Hearing Officer Maki observed that Plaintiff was faced with a non-elevated class II charge at his first hearing, and concluded that it would be inappropriate to change the charge to a class I. Therefore, Maki retained the charge as a class II charge. (Plaintiff's Exhibits A-7 and A-8.)

In the hearing report, Hearing Officer Maki noted that a recent change in MDOC policy has resulted in an evolving process, stating:

> It has been decided, for example, that revocaton requires a hearing by a Class I Hearing Officer, which means that the underlying charge must be elevated to a Class I if it is a Class II misconduct. That is what is involved in this situation. The bond was revoked on a Class II misconduct but the underlying charge was not elevated to Class I. It is tru that it was heard by a Class I Hearing Officer but that does not make it a Class I misconduct, which was acknowledged in the Rehearing Order. At this point, it would be improper to elevate the charge as a decision has been made on the merits of the misconduct report and the prisoner has been given a sanction, which was served.

(Plaintiff's Exhibit A-7.)

Plaintiff appears to be claiming that Defendants' handling of his misconduct ticket and subsequent conviction violated MDOC procedures. Claims under § 1983 may not be based upon

alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994).

Moreover, it is clear that Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

As noted above, Plaintiff received an initial hearing on the misconduct charge, requested a rehearing based on the violation of MDOC procedure and policy, was granted a rehearing, and received the relief he was seeking. Because Defendants' conduct complied with the due process requirement of the United States Constitution, his due process claim is properly dismissed.

Plaintiff also claims that Defendants acted with deliberate indifference and that his placement in solitary confinement caused him emotional distress and stomach ailments. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Because, Plaintiff's allegations do not amount to a denial of the "minimal civilized measure of life's necessities," his Eighth Amendment claims are properly dismissed.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     1/3/2012                    */s/ R. Allan Edgar*
                                       R. Allan Edgar
                                       United States District Judge